UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTHA M.,<br><br>              Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | CASE NO. C19-6124-BAT<br><br>**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff appeals the denial of her application for Disability Insurance Benefits. She contends the decision should be reversed because (**1**) the ALJ failed at step two of the sequential analysis to list post-laminectomy syndrome as a severe condition, thereby failing to consider the consequent pain; (**2**) the ALJ failed to account for the limiting effects of pain in assessing RFC; (**3**) the ALJ discounted the lay testimony of her husband; and (**4**) the Appeals Council improperly acted as a fact finder rather than as an appellate body. Dkt. 8. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was in her late-50s when she applied for benefits. Tr. 125. Her alleged onset date is April 1, 2010, and she last met the insured status requirements on September 30, 2014. Tr. 324. Her case has seen a number of decisions: the first ALJ decision in 2012, Tr. 11–17; this

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 1

Court's order reversing and remanding in 2015, Tr. 443–49; the second ALJ decision in 2016, Tr. 459–64; the first Appeals Council remand to resolve outstanding issues in 2017, Tr. 472–74; the third ALJ decision in 2018, Tr. 321–33; and the second Appeals Council order in 2019 partially adopting the ALJ's 2018 decision, partially rejecting the 2018 decision, and concluding that plaintiff was not disabled because she could perform past relevant work as a "gambling dealer" (DOT 343.464-010), Tr. 310–16. The Commissioner has determined that plaintiff has the severe impairments of degenerative disc disease status-post discectomy L5-S1, right lower extremity radiculitis, and obesity. *See* Tr. 325. The Commissioner has also determined that during the relevant period of April 1, 2010 to September 30, 2014, plaintiff had the residual functional capacity ("RFC") to perform light work with additional limitations. *See* Tr. 326.

## DISCUSSION

Plaintiff contends that the Commissioner's final decision was harmfully erroneous because (**1**) the ALJ declined to list post-laminectomy syndrome as a severe condition at step two, thereby failing to consider the consequent pain; (**2**) the ALJ did not account for the limiting effects of pain in assessing RFC; (**3**) the ALJ discounted 2016 lay testimony by plaintiff's husband; and (**4**) the Appeals Council exceeded its authority as an appellate body by engaging in fact finding. Dkt. 8. The Court disagrees with plaintiff's contentions and finds the Commissioner's final decision to be supported by substantial evidence and to be free from harmful legal error. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

**1. Considering Post Laminectomy Syndrome at Step Two and Consequent Pain**

Plaintiff contends that the ALJ erred by declining to find that post-laminectomy syndrome, also known as "failed back syndrome," was a severe impairment at step two, and thus failed to consider the pain caused by that condition. Dkt. 8, at 6–7. That contention is not

supported by the record and, regardless, constitutes harmless error because the ALJ found the sources of that post-laminectomy syndrome— degenerative disc disease status-post discectomy L5-S1, right lower extremity radiculitis—to be severe impairments and adequately considered the severity of the back and other pain plaintiff was experiencing.

The ALJ considered plaintiff's numerous back impairments, noting her degenerative disk disease, status post discectomy L5-S1, and radiculitis of the right lower extremity. Tr. 325–26, 328. The ALJ noted that prior to the April 2010 amended alleged onset date, plaintiff had a history of low-back pain status post-surgery, most recently right L5-S1 discectomy in July 2000, and postoperatively developed right lower extremity radicular symptoms. Tr. 328. The ALJ noted failed attempts to place trial spinal cord stimulators in 2003 and 2006. *Id.* And the ALJ referred specifically to the pain clinic's assessment of **post-laminectomy lumbar syndrome** with chronic right L5-S1 radiculopathy and extensive notes about plaintiff's chronic pain medication regimen. Tr. 328 (citing Tr. 225–71, 796–839). Thus, contrary to plaintiff's contention, the ALJ considered the pain occasioned by plaintiff's post-laminectomy syndrome and discounted the severity of plaintiff's allegations of pain by citing numerous medical notes from the pain clinic. Tr. 327–31; *see, e.g.*, Tr. 268 (January 2012 pain clinic notes stating that she was fired from job as a table games dealer for tardiness); Tr. 762 (February 2014 pain clinic notes stating that plaintiff was unsure about trying pain pump trial because she had 80–90% improvement of pain from medications and because she was planning an extended bike ride during the summer); Tr. 777 (August 2013 pain clinic notes stating that plaintiff "is able to continue to be very active with exercise and working"); Tr. 780 (June 2013 pain clinic notes stating that plaintiff could sit on a recumbent bicycle and travel great distances without pain); *see also* Tr. 31 (plaintiff's 2012 hearing testimony stating that during her seasonal work at the fair

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 3

she worked 8 to 10 hours per day and even worked 12 hours on a day because "I said I'd do anything I could for them").

It is harmless error for an ALJ to omit an impairment at step two if the subsequent assessment of RFC included the relevant limitations. *See Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017). Step two is a threshold inquiry meant to screen out weak claims; "[i]t is not meant to identify the impairments that should be taken into account when determining the RFC." *Id.* The ALJ considers all the limitations and restrictions imposed by an individual's impairments, even those that are not severe. *Id.* at 1049. The RFC is thus the same regardless of whether certain impairments are considered "severe" or not. *Id.* Here, the ALJ accounted for all of plaintiff's impairments related to her back and other pain. Moreover, step two was decided in plaintiff's favor such that she could not possibly have been prejudiced. Any alleged error is therefore harmless and cannot be the basis for a remand. *Id.*

Plaintiff has failed to demonstrate that the ALJ committed harmful error by not listing post-laminectomy syndrome as a severe impairment at step two.

**2.  Accounting for Pain in RFC Assessment**

Plaintiff argues that "[n]o[]where in the decision does the ALJ mention the limiting effects of pain despite years of medical records where significant pain is reported and treated with narcotic pain medications." Dkt. 8, at 7–8. Plaintiff's characterization of the ALJ's evaluation of the record is inaccurate and incorrect.

As discussed above, the ALJ discounted the severity of plaintiff's complaints of pain by reviewing years of pain clinic records and plaintiff's own statements. The ALJ cited clear and convincing reasons for discounting plaintiff's pain testimony: (a) it was unsupported by the objective evidence, including reports to the pain clinic that her pain management was stable and

she was able to travel long-distance on a recumbent bicycle; (b) it was inconsistent with her activities of daily living, including caring for her husband after a knee replacement, which involved lifting his wheelchair, and her elderly mother; (c) it was undermined by her non-disability reasons for leaving her past work as a table games dealer; and (d) she did not receive the extent of treatment one would expect for a totally disabled person, including that through the date last insured there were no significant, ongoing changes regarding her back and leg pain. Tr. 237–31. Moreover, the ALJ accounted for plaintiff's supported complaints of pain in the RFC by, for example, limiting her to occasionally climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; occasionally stooping, kneeling, crouching, or crawling; and never operating heavy foot controls with her right lower extremity. Tr. 326.

Plaintiff has failed to demonstrate that the ALJ did not account for the limitations of pain in assessing RFC. The ALJ's RFC assessment is supported by substantial evidence and free from harmful legal error.

### 3. 2016 Lay Testimony by Plaintiff's Husband

Plaintiff contends that the ALJ failed to provide germane reasons for discounting the lay testimony by plaintiff's husband. Dkt. 8, at 13–14. The Court disagrees.

The ALJ discounted the lay testimony of plaintiff's husband because (a) his statement was dated February 2016 and he made no specific mention of plaintiff's functioning prior to the date-last-insured of September 30, 2014; (b) his observations were similar to plaintiff's statements and therefore were discounted for the same reasons, i.e., they conflicted with the longitudinal treatment history, the objective findings, performance on physical examinations, and daily activities; and (c) his statement was not entirely consistent with the clinical observations of medical professionals, plaintiff's activities, and contemporaneous reports to providers. Tr. 332;

*see* Tr. 661 (husband's statement). All three rationales were germane to discounting the lay testimony by plaintiff's husband. Plaintiff offers only an alternative reading of the lay testimony and of the evidence that does not undermine the reasonableness of the ALJ's evaluation.

### 4. Appeals Council's Authority

Plaintiff contends that the Appeals Council exceeded its appellate authority by determining that plaintiff could perform past relevant work as a "gambling dealer" (DOT 343.464-010) when the ALJ had referred to the vocational expert's erroneous citation to a "gambler dealer" alongside an incorrect DOT number. Dkt. 8, at 14–16. The Court disagrees.

"If the Appeals Council assumes jurisdiction, it will make a new, independent decision based on the preponderance of the evidence in the entire record affirming, modifying, or reversing the decision of the administrative law judge, or it will remand the case to an administrative law judge for further proceedings, including a new decision. The new decision of the Appeals Council is the final decision of the Commissioner after remand." 20 C.F.R. § 404.984(b)(3). The Appeals Council therefore did not exceed its authority when it issued a new, independent decision, based on the preponderance of the evidence, and modified the ALJ's decision to reach the conclusion that plaintiff had past relevant work as a "gambling dealer" (DOT 343.464-010).

There is ample record evidence that demonstrates that the Appeals Council was correct to classify plaintiff's past relevant work as a table games dealer at a casino as a "gambling dealer" (DOT 343.464-010). The Appeals Council noted that although the VE at the 2017 hearing referred to the non-existent position of "gambler dealer," the correct occupation of "gambling dealer" shared with "gambler dealer" the requirements of light exertional abilities and an SVP of 5. Tr. 313. The Appeals Council also noted that the job duties and requirements of "gambling

1  dealer" are consistent with plaintiff's testimony and statements in her work history report form

2  about working as a table games dealer. Tr. 313 (citing Tr. 166). Further, the Appeals Council

3  noted that the VE testified that plaintiff met the SVP 5 requirements of "gambler dealer" by

4  having performed the semi-skilled work long enough to learn it, and that plaintiff's earnings

5  record demonstrated that she performed this position at substantial gainful activity levels. Tr.

6  313–14. Moreover, the Court notes that this Court's 2015 decision, Tr. 446, and the ALJ's 2016

7  decision, Tr. 463–64, refer correctly to "gambling dealer" (DOT 343.464-010), and that the VE's

8  testimony in the 2016 hearing refers correctly to "gambling dealer" (DOT 343.464-010), Tr. 369.

9      The Appeals Council did not exceed its appellate authority by determining that plaintiff

10 could perform past relevant work as a "gambling dealer" (DOT 343.464-010) and supported its

11 conclusion with substantial evidence and sound legal reasoning.

## CONCLUSION

13     For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is

14 **DISMISSED** with prejudice.

15     DATED this 19th day of May, 2020.

                                        BRIAN A. TSUCHIDA
                                        Chief United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 7